UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-CV-62232-DIMITROULEAS/VALLE

ANISSA ALONZO and
JAMES ALONZO,

    Plaintiffs,

v.

BIOMET, INC., BIOMET ORTHOPEDICS,
LLC, BIOMET MANUFACTURING, LLC,
BIOMET U.S. RESONCSTRUCTION, LLC,
and ZIMMER BIOMET HOLDINGS, INC.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION TO DISTRICT JUDGE

THIS CAUSE comes before the Court upon Defendants' Motion for Sanctions Based on Plaintiffs' Spoliation of Evidence (ECF No. 29) (the "Motion"). United States District Judge William P. Dimitrouleas has referred the Motion to the undersigned for appropriate disposition or a report and recommendation. (ECF No. 30).

On February 22, 2023, the undersigned held a hearing on the Motion.[1]  Having reviewed the record, the Motion, Plaintiff's Response (ECF No. 32), Defendant's Reply (ECF No. 41), and being otherwise duly advised in the matter, the undersigned recommends that the Motion be **DENIED** for the reasons set forth on the record of the hearing on the Motion and memorialized below.

---

[1] The Court directed Defendants to obtain a transcript of the hearing to be filed on the docket and which is incorporated by reference.

I. **BACKGROUND**

In October 2021, Plaintiff Anissa Alonzo ("Plaintiff") and her husband James Alonzo (together, "Plaintiffs") filed this products liability action against Defendants relating to a metal-on-metal hip replacement system manufactured by Defendants. In brief, Plaintiff was implanted with the hip replacement in 2005. After a consultation with a doctor, Plaintiff underwent corrective surgery in April 2021. Subsequently, in October 2021, Plaintiffs filed a six count Complaint. (ECF No. 1).

Relevant to the instant Motion and as discussed during the hearing, after the April 16, 2021 surgery, Plaintiff's surgeon, Dr. Naide, retained the explanted hip. Texts between the doctor and Plaintiff's Counsel reveal that on April 21, 2021, Dr. Naide confirmed that he had retained and stored the hip for Plaintiff's case. Counsel confirmed that he would have the paralegal "make arrangements" to presumably pick it up. Counsel, however, did not arrange to obtain the hip until more than a year later, on April 7, 2022. By then, Plaintiffs had commenced the lawsuit and Dr. Naide's office had undergone a renovation. But the explanted hip could not be found. Dr. Naide submitted a Declaration that he suspected that the hip may have been misplaced during his office renovation. (ECF No. 32-1¶ 15). The instant Motion followed.

II. **STANDARD**

In a diversity action such as the instant case, federal law governs the imposition of spoliation sanctions.[2] *See Flury v. Daimler Chrysler Corp.*, 427 F.3d 939, 944 (11th Cir. 2005) ("conclud[ing] that federal law governs the imposition of sanctions for failure to preserve evidence

---

[2] According to the Complaint, the Court has subject matter jurisdiction under 28 U.S.C. § 1332 because this lawsuit is between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of costs and interest. Plaintiffs are Florida citizens; Defendants are all incorporated and/or have their principal place of business in Indiana. Additionally, none of the members of Defendants that are limited liability corporations are citizens of Florida.

2

in a diversity suit."); *Tesoriero v. Carnival Corp.*, 965 F.3d 1170, 1184 (11th Cir. 2020). "Spoliation is the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *Graff v. Baja Marine Corp.*, 310 F. App'x 298, 301 (11th Cir. 2009) (citation omitted); *see also Tesoriero*, 965 F.3d at 1184 ("Spoliation [is] the destruction of evidence or the significant and meaningful alteration of a document or instrument."). Although federal law governs, "the Court may look to state law for guidance to the extent that it is consistent with federal law." *Penick v. Harbor Freight Tools, USA, Inc.*, 481 F. Supp. 3d 1286, 1291 (citation omitted).

The moving party carries the burden of establishing that: (i) the missing evidence existed at one time; (ii) the alleged spoliator had a duty to preserve the evidence; and (iii) the evidence was crucial to the movant being able to prove its prima facie case or defense." *Penick*, 481 F. Supp. 3d at 1291 (citations omitted). Even if all three elements are met, "a party's failure to preserve evidence rises to the level of sanctionable spoliation only where the absence of that evidence is predicated on bad faith, such as where a party purposely loses or destroys relevant evidence." *Penick*, 481 F. Supp. 3d at 1291 (citation and quotation omitted). Mere negligence in losing or destroying evidence is not enough for an adverse inference, as "it does not sustain an inference of consciousness of a weak case." *Vick v. Texas Emp. Comm'n*, 514 F.2d 734, 737 (5th Cir. 1975).[3] However, "even grossly negligent conduct would not justify [an adverse inference] jury instruction when it is not accompanied by bad faith." *In Matter of Complaint of Bos. Boat III, L.L.C.*, 310 F.R.D. 510, 516 (S.D. Fla. 2015).

---

[3] Pursuant to *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), opinions of the Fifth Circuit issued prior to October 1, 1981, are binding precedent in the Eleventh Circuit.

When direct evidence of bad faith is unavailable, the moving party may establish bad faith through circumstantial evidence. *Hyundai Motor Am. Corp. v. N. Am. Auto. Servs., Inc.*, No. 20-CV-82102, 2021 WL 3111191, at *10 (S.D. Fla. July 22, 2021); *Penick*, 481 F. Supp. 3d at 1291 (citations omitted). Circumstantial evidence of bad faith is found where: (i) evidence once existed that could fairly be supposed to have been material to the proof or defense of a claim at issue in the case; (ii) the spoliating party engaged in an affirmative act causing the evidence to be lost; (iii) the spoliating party did so while it knew or should have known of its duty to preserve the evidence; and (iv) the affirmative act causing the loss cannot be credibly explained as not involving bad faith by the reason proffered by the spoliator. *Hyundai Motor*, 2021 WL 3111191, at *10; *Penick v.*, 481 F. Supp. 3d at 1291 (citations omitted). The party seeking the sanctions must establish all four of these factors where there is no direct evidence of bad faith. *Penick*, 481 F. Supp. 3d at 1291 (citations omitted).

Additionally, district courts have broad discretion to impose sanctions based on the court's inherent "power to manage its own affairs and to achieve the orderly and expeditious disposition of cases." *Flury*, 427 F.3d at 944. Factors to consider when imposing sanctions include: "(i) whether the party seeking sanctions was prejudiced as a result of the destruction of evidence and whether any prejudice could be cured; (ii) the practical importance of the evidence; (iii) whether the spoliating party acted in bad faith; and (iv) the potential for abuse if sanctions are not imposed." *Tesoriero*, 965 F.3d at 1184.

Lastly, sanctions may include "(i) dismissal of the case; (ii) exclusion of expert testimony; or (iii) a jury instruction on spoliation of evidence which raises a presumption against the spoliator." *Flury*, 427 F.3d at 945. Dismissal represents the most severe sanction available to a federal court, and therefore is only imposed "where there is a showing of bad faith and where lesser

4

sanctions will not suffice." *Flury*, 427 F.3d at 944; *Oil Equip. Co. Inc. v. Mod. Welding Co. Inc.*, 661 F. App'x 646, 653 (11th Cir. 2016). "Because this Circuit requires a showing of bad faith before sanctioning a party when there is spoliation of evidence, courts in this Circuit must refrain from imposing sanctions when no bad faith is shown." *Penick*, 481 F. Supp. 3d at 1291 (citations omitted).

### III.  DISCUSSION

Against the legal backdrop outlined above, the undersigned finds that Defendants have failed to establish the necessary elements for sanctions based on spoliation. The record establishes that the explanted hip existed at the time of Plaintiff's hip replacement surgery, thus meeting the first element for spoliation. The record also establishes that Plaintiffs and their Counsel had a duty to preserve the hip because Plaintiffs anticipated litigation and had retained counsel prior to Plaintiff's surgery. Defendants, however, have failed to establish the last two elements of spoliation: (i) that the evidence is crucial; or (ii) that Plaintiffs, their Counsel, or Dr. Naide acted in bath faith.

For the reasons stated on the record of the hearing, the undersigned finds that the explanted hip is not crucial evidence to prove a prima facie case or for Defendants' defenses. The current record includes evidence from various experts addressing the significance of the explanted hip. Although the hip itself may have been the "best evidence" and ideal to inspect in this products liability case, crucial evidence and relevant evidence are two different concepts. Plaintiffs must "demonstrate that [they] were unable to prove [their] underlying action owing to the unavailability of the evidence." *Green Leaf Nursery v. E.I. DuPont De Nemours & Co.*, 341 F.3d 1292, 1308 (11th Cir. 2003). It is not enough that the spoliated evidence would have been relevant to a claim or defense. *Managed Care Sols., Inc. v. Essent Healthcare, Inc.*, 736 F. Supp. 2d 1317, 1327 (S.D.

5

Fla. 2010).  Here, the experts have each provided opinions regarding the claims and defenses. And, none of the experts purported an inability to opine on what may have occurred.

Additionally, Defendants have failed to show bad faith.  "[A] party's failure to preserve evidence rises to the level of sanctionable spoliation only where the absence of that evidence is predicated on bad faith, such as where a party purposely loses or destroys relevant evidence." *Penick*, 481 F. Supp. 3d at 1291 (citation and quotation omitted).  Mere negligence in losing or destroying evidence is not enough for an adverse inference, as "it does not sustain an inference of consciousness of a weak case."  *Vick*, 514 F.2d at 737.  In fact, "even grossly negligent conduct would not justify [an adverse inference] jury instruction when it is not accompanied by bad faith." *In Matter of Complaint of Bos. Boat III, L.L.C.*, 310 F.R.D. 510, 516 (S.D. Fla. 2015).  Here, the Court is persuaded that neither Plaintiff, her doctor (Dr. Naide), nor Plaintiffs' Counsel purposefully intended for the explanted hip to be misplaced or lost.

That said, the Court considered Defendants' arguments regarding the applicability of *Long v. Celebrity Cruises, Inc.*, 2013 WL 12092088 (S.D. Fla. July 31, 2013) and *St. Cyr v. Flying J Inc.*, No. 06-CV-13, 2007 WL 1716365 (M.D. Fla. June 12, 2007), among other cases, and recognizes the inordinate delay by Counsel in securing and preserving the explanted hip.  Although the delay in preserving the hip gives the undersigned great pause, the Court accepts Counsel's explanation that this was a mistake for trusting that the doctor would preserve the hip and finds that Counsel's failure to preserve does not rise to the level of reckless disregard found in *Long*. Therefore, although Counsel had a duty to obtain and preserve the explanted hip, and was aware of the importance of hip as it pertains to the claims and defenses in this case, Counsel's failure to secure and preserve the implanted hip—albeit likely grossly negligent and bad practice—does not rise to the level of sanctionable spoliation.

6

## IV.  RECOMMENDATION

For the reasons set forth at the hearing on the Motion and memorialized above, the undersigned respectfully **RECOMMENDS** that Defendants' Motion for Sanctions Based on Plaintiffs' Spoliation of Evidence (ECF No. 29) be **DENIED**.

Within **7 days** from the filing of the transcript of the hearing on the Motion held on February 22, 2023, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this District.  28 U.S.C. § 636(b)(1); S.D. Fla. Mag. J. R. 4(b) (allowing 14 days for written objections **unless a different time is prescribed by the Court**).  Failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation.  11th Cir. R. 3-1 (2022); *see Thomas v. Arn*, 474 U.S. 140 (1985).

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida on February 22, 2023.

_____
ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

cc: U.S. District Judge William P. Dimitrouleas
     All Counsel of Record

7