UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:21-cv-62232-WPD

ANISSA ALONZO and JAMES ALONZO,

    Plaintiffs,

v.

BIOMET, INC., BIOMET ORTHOPEDICS, LLC, BIOMET MANUFACTURING, LLC, BIOMET U.S. RESONCSTRUCTION, LLC, and ZIMMER BIOMET HOLDINGS, INC.,

    Defendants.
_____/

## ORDER APPROVING IN PART REPORT OF MAGISTRATE JUDGE; DENYING MOTION FOR SANCTIONS

THIS CAUSE is before the Court on Defendants' Motion for Sanctions based on Plaintiffs' Spoliation of Evidence [DE 29] (the "Motion"), and Magistrate Judge Valle's February 22, 2023 Report and Recommendation (the "Report") [DE 57].

The Court has conducted a *de novo* review of the Report [DE 57], the transcript of the February 22, 2023 Telephonic Motion Hearing before Judge Valle [DE 68], Defendants' Objections to Magistrate Judge Valle's February 22, 2023 Report and Recommendation [DE 74], Plaintiffs' Response to Defendants' Objections, [DE 91], Defendants' Reply [DE 98], and the record herein. The Court also held a hearing on Defendants' Objections on April 5, 2023 and has carefully considered arguments made by counsel at the hearing. The Court is otherwise fully advised in the premises.

A party seeking to challenge the findings in a report and recommendation of a United States Magistrate Judge must file "written objections which shall specifically identify the

portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *Macort v. Prem, Inc.*, 208 F. App'x 781, 783 (11th Cir. 2006) (quoting *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989)). "It is critical that the objection be sufficiently specific and not a general objection to the report." *Macort*, 208 F. App'x at 784 (citing *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984)). If a party makes a timely and specific objection to a finding in the report and recommendation, the district court must conduct a *de novo* review of the portions of the report to which objection is made. *Macort*, 208 F. App'x at 783-84; see also 28 U.S.C. § 636(b)(1). The district court may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. *Macort*, 208 F. App'x at 784; 28 U.S.C. § 636(b)(1). Accordingly, the Court has undertaken a *de novo* review of the record and the Objections.

In the Report, the Magistrate Judge recommends that this Court enter an Order holding that the failure to secure and preserve the implanted hip does not rise to the level of sanctionable spoliation. The Court, having conducted a *de novo* review of the entire file and record herein, and having carefully considered the arguments made by counsel at the hearings, agrees with the Magistrate Judge that Defendants have not proven each of the necessary factors for spoliation and therefore their Motion for spoliation sanctions should be denied. Defendants' Objections [DE 74] shall be overruled. At trial, defense counsel can cross-examine Dr. Naide on these issues. A jury instruction can be given that Defendants have raised the affirmative defense of spoliation and that if the jury finds Plaintiffs responsible for spoliation, they shall apply a

*rebuttable* presumption that the explanted hip implant would have revealed information that is detrimental to Plaintiffs' claims and advantageous to the defenses in this case.[1]

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Report [DE 57] is hereby **APPROVED IN PART**;

2. Defendants' Objections to Magistrate Judge Valle's February 22, 2023 Report and Recommendation [DE 74] are **OVERRULED**;

3. Defendants' Motion for Sanctions based on Plaintiffs' Spoliation of Evidence [DE 29] is hereby **DENIED** as set forth above.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida this 5th day of April, 2023.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:
Counsel of Record

---

[1] The language of a jury instruction regarding the requirements for spoliation and the language of an adverse inference will be determined at the charge conference if the jury instructions have not been agreed in advance.