**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 21-CV-62232 | Judge William P. Dimitrouleas**

ANISSA ALONZO and JAMES
ALONZO,

        Plaintiffs,

   v.

BIOMET, INC., BIOMET ORTHOPEDICS,
LLC, BIOMET MANUFACTURING, LLC,
BIOMET U.S. RECONSTRUCTION, LLC,
and ZIMMER BIOMET HOLDINGS, INC.,

        Defendants.

_____/

**PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT AND AWARD SANCTIONS**

Plaintiffs, Anissa and James Alonzo, by their undersigned attorneys, respectfully file this motion to enforce the settlement agreement that the parties executed in this case on May 18, 2023, to compel Defendants to fund the settlement, and for the Court to award attorneys' fees and sanctions.

**Relevant Background**

Plaintiffs, Anissa and James Alonzo, brought this product liability action against Defendants (Biomet), to redress the personal injuries Ms. Alonzo sustained from Biomet's defective metal-on-metal hip. This case was fully worked up and ready for trial, which was set to begin on May 22, 2023. On May 15, 2023, the parties notified the Court that the matter had settled. On May 18th, the parties filed a stipulation of dismissal with prejudice, which was conditioned on the Court retaining jurisdiction to enforce the settlement agreement. (Doc. 152). The Court then issued an order approving the stipulation and noted: "The Court retains jurisdiction for the sole purpose of enforcing the settlement agreement[.]" (Doc. 153).

Pursuant to the terms of the settlement agreement, Biomet had 30 business days to pay the settlement amount from the date it received, among other things, an executed copy of the settlement agreement and Plaintiff's counsel's W-9[1]. Plaintiff's counsel provided Biomet with all the material it needed on May 18, 2023.

Since that time, Plaintiff's counsel made numerous attempts to ascertain when exactly payment would be made. On May 30, 2023, Biomet's counsel, Mr. Bennett, wrote, "We received all required items and submitted to Zimmer Biomet on May 18, 2023 for payment within 30 business days. You should receive payment on or before June 29th." **Exhibit A,** (email from Mr. Bennet to Mr. Gdanski and Mr. Haberman dated May 30, 2023).

Plaintiff's counsel followed up again on June 19th, and was told that payment would be made on or by June 30th. On June 28th and June 29th, Plaintiff's counsel asked Mr. Bennett about when payment would be received. No response was received on either day.

Biomet failed to pay the settlement amount on or by June 29th.

On June 30th, the date of the filing of this Motion, Plaintiff's counsel again inquired as to the status of payment. Ultimately, at around 3:30pm on Friday afternoon, in response to a text from Plaintiff's counsel indicating that absent payment today a Motion to Compel would be filed seeking to enforce the settlement agreement and for further sanctions, Mr. Bennett responded that payment is not likely to be made today because of an "error." Mr. Bennett did not further elaborate as to the nature of the error. Plaintiff's counsel responded that he did not know what that means, and that Plaintiff would proceed with the filing of this Motion. Plaintiff has no idea what this "error" is, or when Biomet realized there was an "error."

As of this submission, Biomet has not made payment.

---

[1] The Settlement Agreement is confidential and should the Court request a copy the plaintiffs will file it under seal.

**Argument**

District courts have inherent power to enforce settlement agreements. *Malvaes v. Constellation Brands, Inc.*, 2016 WL 4007332, at *2 (S.D. Fla. June 23, 2016). *See e.g. Ford v. Citizens & S. Nat'l Bank, Cartersville*, 928 F.2d 1118, 1121 (11th Cir. 1991). "The motion to enforce the settlement agreement essentially is an action to specifically enforce a contract." *Ford v. Citizens & S. Nat. Bank, Cartersville*, 928 F.2d 1118, 1122 (11th Cir. 1991). In both the federal and state courts, settlements are highly favored and will be enforced whenever possible. *See, e.g.*, *Murchison v. Grand Cypress Hotel Corp.*, 13 F.3d 1483, 1486 (11th Cir. 1994)

Here, there is no doubt that the parties reached a settlement agreement. The parties' Joint Notice of Settlement stated as much: "Plaintiffs...and Defendants…reached a settlement agreement for all claims asserted in this matter. The Parties are in the process of finalizing the settlement and will submit the final stipulation for dismissal with prejudice once the settlement details are complete." (Doc. 150). And there is no doubt that Plaintiffs complied with their end of the contractual bargain. Biomet's counsel confirmed that too. Biomet received everything it needed under the agreement on May 18th, and it confirmed that payment would be made by June 29th. Because Biomet has failed to pay, Plaintiffs are entitled to specific performance. The Court, accordingly, should compel Biomet to fund the settlement amount.

In addition, the Court should exercise its inherent and equitable authority to sanction Biomet for its conduct. Biomet must be bound to and perform under the terms it agreed to. Biomet, a multi-billion-dollar corporation, with all its resources, cannot simply ignore its obligations to pay out settlements and pay whenever it feels like it. Yet, absent an appropriate sanction, Biomet can do just that. It can stave off personal injury trials for compensatory and punitive damages – where

juries assess whether the company recklessly endangered lives – with promises to pay a settlement, but then not live up to its end of the bargain by timely payment.  The Court, respectfully, can guard against that by sanctioning Biomet in an amount of $5,000.00 per day for each day it fails to pay the settlement amount, beginning today, and by awarding attorneys' fees in an amount of $2,500.00 for the time and costs incurred preparing this motion and communicating with Biomet's counsel.  Plaintiffs are harmed for each day Biomet delays payment of the settlement amount.

WHEREFORE, Plaintiffs respectfully request an order compelling Biomet to fund the settlement amount immediately and for sanctions of $5,000.00 per day for each day it fails to pay the settlement amount, beginning June 30, 2023, and by awarding attorneys' fees in an amount of $2,500.00.  Plaintiffs further respectfully request an expedited hearing and for the Court to shorten the time for Biomet to respond to this Motion, as Plaintiffs are harmed for each day Biomet delays payment of the settlement amount.

### Local Rule 7.1(a)(3) Certification

Prior to filing this motion, and pursuant to Local Rule 7.1(a)(3), undersigned counsel certifies that counsel for Plaintiffs, Mr. Gdanski, has conferred by text message with counsel for Defendants, Mr. Bennett, and informed him that Plaintiffs would be filing the instant motion should Defendants fail to pay the settlement amount by 5pm ET.  Plaintiffs have not received a response other than to say that payment is not likely to be made today.

Dated:  June 30, 2023                                           Respectfully submitted,

*/s/ Jeffrey L. Haberman*_____
Jeffrey L. Haberman
Sarah J. Schultz
Steven J. Hammer

**SCHLESINGER LAW OFFICES, P.A.**
1212 SE Third Avenue
Fort Lauderdale, FL 33316

Telephone: (954) 467-8800
jhaberman@schlesingerlaw.com
sarah@schlesingerlaw.com
sjh@schlesingerlaw.com

*Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 30, 2023, I served a copy of the foregoing on the Clerk of Court by CM/ECF, which will provide automatic notification to all parties and counsel of record.

By: */s/ Jeffrey L. Haberman*\_\_\_\_\_
    Jeffrey L. Haberman