UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-CV-62232 | Judge William P. Dimitrouleas

ANISSA ALONZO and JAMES
ALONZO,

        Plaintiffs,

    v.

BIOMET, INC., BIOMET ORTHOPEDICS,
LLC, BIOMET MANUFACTURING, LLC,
BIOMET U.S. RECONSTRUCTION, LLC,
and ZIMMER BIOMET HOLDINGS, INC.,

        Defendants.
_____/

### DEFENDANTS' OPPOSITION TO PLAINTIFFS MOTION TO ENFORCE SETTLEMENT AND AWARD SANCTIONS

Defendants Biomet, Inc., Biomet Orthopedics, LLC, Biomet Manufacturing, LLC, Biomet U.S. Reconstruction, LLC, and Zimmer Biomet Holdings, Inc. ("Defendants") oppose Plaintiffs' motion as follows:

1. Defendants have completed payment to Plaintiffs of the settlement amount in full. Mandler Dec. at ¶ 2. Plaintiffs' counsel has confirmed receipt of the payment in Plaintiffs' counsel trust fund. *Id.* at ¶ 3.

2. Defendants' counsel conferred with Plaintiffs' counsel and requested that based on the payment of the settlement amount in full, Plaintiffs agree to withdraw the pending motion. Plaintiffs have declined to withdraw the motion. *Id.* at ¶ 4.

3. Given that the entirety of settlement amount provided for in the Settlement Agreement has been paid and received, Plaintiffs' motion to "enforce" the Settlement Agreement

is moot. *Comiter v. Sears, Roebuck & Co.*, No. 08-80576-CIV, 2009 WL 2163096, at *2 (S.D. Fla. July 17, 2009).

4.  As to any other remedy or award sought by Plaintiffs' motion, para. 18 of the Settlement Agreement provides for an exclusive jurisdiction for such claims:

> **18. Interpretation and Jurisdiction.** This Agreement shall be construed and interpreted in accordance with the laws of the State of Indiana, exclusive of its choice of law provisions. With respect to any action or claim for the alleged breach of, or which in any way relates to, this Agreement, Plaintiffs agree to submit to the exclusive jurisdiction (personal and subject matter) and venue of the United States District Court for the Northern District of Indiana, South Bend Division, or the Allen County, Indiana, Superior Court in Fort Wayne, Indiana. If any action or claim for the alleged breach of, or which in any way relates to, this Agreement is brought, the prevailing party shall be entitled to an award of his, her, or its costs and attorneys'
> fees.

5.  While the parties' Stipulation of Dismissal was conditioned on this Court retaining jurisdiction for the purpose of enforcement of the Settlement Agreement (Dkt. 152), and the Court approved the Stipulation of Dismissal noting, "The Court retains jurisdiction for the sole purpose of enforcing the settlement agreement" (Dkt. 153), given the payment of the entire settlement amount provided for in the Settlement Agreement has been tendered and accepted, there is no further action the Court need take to "enforce" the Settlement Agreement. Therefore, the Court's retained jurisdiction to "enforce" the Settlement Agreement is complete and any further action or claim regarding any ancillary terms of the Settlement Agreement is subject to the Parties' explicit agreement as to the venue and applicable law regarding such claims. *See Johannes v. Walmart, Inc.*, No. 6:20-CV-1772-PGB-GJK, 2022 WL 1224052, at *4 (M.D. Fla. Feb. 16, 2022), *report and recommendation adopted*, No. 6:20-CV-1772-PGB-GJK, 2022 WL 1224049 (M.D. Fla. Mar. 2, 2022); *Square D Co. v. Miami Breaker, Inc.*, No. 07-20023-CIV, 2008 WL 3540525, at *1 (S.D. Fla. Aug. 12, 2008) ("A District Court does not have inherent power to enforce the terms of a settlement agreement under the doctrine of ancillary jurisdiction.")

6. For the forgoing reasons, Defendants respectfully request that the Court deny Plaintiffs' motion as moot, and alternatively, to the extent Plaintiffs' seek any award in addition to the agreed upon settlement amount, deny the Plaintiffs' motion as outside the jurisdiction of this Court.

Date: July 10, 2023                                  Respectfully submitted,

By:     *Traci T. McKee*

Traci T. McKee
Florida Bar No. 53088
Faegre Drinker Biddle & Reath LLP
1050 K Street NW, Suite 400
Washington, DC 20001
T: (202) 312-7028
traci.mckee@faegredrinker.com
*Admitted only in Florida; supervision by principals of the firm admitted to the D.C. bar.*

John P. Mandler, *Pro Hac Vice*
Faegre Drinker Biddle & Reath LLP
2200 Wells Fargo Center
90 S. Seventh Street
Minneapolis, MN 55402
T: (612) 766-7000
john.mandler@faegredrinker.com

Adrienne Franco Busby, *Pro Hac Vice*
Faegre Drinker Biddle & Reath LLP
300 N. Meridian St., Suite 2500
Indianapolis, IN 46204
T: (317) 237-0300
F: (317) 237-1000
adrienne.busby@faegredrinker.com

Bryan D. Pasciak
Florida Bar No. 111690
Tess M. Godhardt
Florida Bar No. 1037171
Faegre Drinker Biddle & Reath LLP
311 S. Wacker Drive, Suite 4300
Chicago, Illinois 60606
T: (312) 356-5037
F: (312) 212-6501
bryan.pasciak@faegredrinker.com
tess.godhardt@faegredrinker.com

**COUNSEL FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed on the Court's CM/ECF system, which will provide notice to all counsel of record.

Date: July 10, 2023     By:    */s/ Traci T. McKee*
                               Traci T. McKee

                               *Counsel for Defendants*